IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEPHEN B. MUNN**                                                            **PLAINTIFF**

v.                                                              CAUSE NO. 1:16CV151-LG-RHW

**US DEPARTMENT OF LABOR, et al.**                              **DEFENDANTS**

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is Defendants' [28] Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12. Plaintiff Stephen Munn has filed an Opposition to the Motion, and Defendants have filed a Reply. For the reasons discussed herein, the Court is of the opinion (1) that it lacks jurisdiction over Plaintiff's First Cause of Action allegedly brought pursuant to the Administrative Procedures Act (APA) against the United States Department of Labor (DOL) and various DOL officials in their official capacities and, (2) that Plaintiff's Second Cause of Action against the DOL officials individually under *Bivens v. Six Unknown Named Agents of Federal Bureaus of Narcotics*, 403 U.S. 388 (1971), fails to state a claim upon which relief can be granted.

### BACKGROUND

Munn has sued the DOL and various DOL officials in their official and individual capacities. His allegations all arise out of a claim that he made in 2013 pursuant to the Federal Employees' Compensation Act (FECA) to the DOL, Office of Workers' Compensation Programs (OWCP), for an injury that occurred in 1998 while he was employed by the federal government as a Special Agent, Diplomatic

Security Service.  (*See* Compl. 9-10 (¶¶ 28-41), ECF No. 1).  Munn's initial claim was denied by a Notice of Decision issued by Defendant Claims Examiner Sharon Dawkins in February 2014, citing the untimeliness of the claim.  Munn appealed that decision to the OWCP, which vacated the Notice of Decision based on timeliness and remanded the case "for complete review of the evidence of record to address whether the remaining four basis elements for a traumatic injury have been met and to issue a *de novo* decision."  (*See* Letter and Decision of the Hearing Representative, ECF No. 1-6; *see also* Compl. 15 (¶52), ECF No. 1).

Munn's claim was denied again by a second Notice of Decision issued by Dawkins in December 2014.  Dawkins found that "the medical evidence is not sufficient to establish that a medical condition was diagnosed in connection with the claimed event and/or work factor.  The requirements have not been met for establishing that you sustained an injury as defined by the FECA."  (Dec. 16, 2014 Notice of Decision, ECF No. 1-7).  Munn appealed this denial, as well, which the OWCP affirmed in September 2015 with the modification that "causal relationship has not been established."  (*See* Letter and Decision of the Hearing Representative, ECF No. 1-10; Compl. 16-17 (¶57), ECF No. 1).

Munn alleges that in February 2016, he submitted additional medical information to establish causation.  (*See* Compl. 18 (¶63), ECF No. 1).  Following the submission of that evidence, on February 22, 2016, Defendant Ramona Brown issued a third Notice of Decision denying Munn's claim.  Brown stated: "I have

reviewed your case file in its entirety and do not find the evidence on file, including the new evidence[,] is sufficient to support the conditions that you are claiming were due to the 1998 work event as claimed." (Feb. 22, 2016 Notice of Decision, ECF No. 1-12; *see also* Compl. 2 (¶1), ECF No. 1).

## DISCUSSION

Munn states that he is "seeking both declaratory and injunctive relief vacating the 'denial' issued by Defendant Brown and approval and award of the claim submitted by Plaintiff under the [APA] and damages for constitutional violations under *Bivens* . . . ." (Compl. 2-3 (¶5), ECF No. 1). Defendants have moved to dismiss all claims, on both jurisdictional and substantive grounds.

**FIRST CAUSE OF ACTION; PLAINTIFF'S APA CLAIM WITH RESPECT TO DENIAL OF FECA BENEFITS AGAINST THE DOL AND DOL OFFICIALS IN THEIR OFFICIAL CAPACITIES**

Defendants raise multiple grounds for dismissal of Plaintiff Munn's First Cause of Action, including dismissal under Rule 12(b)(1), challenging the Court's subject-matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[1] *Id.* Because the Court finds that Munn has not met

---

[1] Defendants submitted a Declaration with their Motion to Dismiss. While the Court could consider the Declaration as part of its jurisdictional analysis, the Court did not find it necessary to do so.

this burden and that the Court therefore lacks jurisdiction over the First Cause of Action, it will not address Defendants' alternative arguments for dismissal of this claim. *See id.*

"FECA provides compensation for a federal employee's personal injuries 'sustained while in the performance of his duty.'" *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) (citing 5 U.S.C. § 8102(a)). An employee is also entitled to medical services following such an injury. *See* 5 U.S.C. § 8103. "FECA vests with the Secretary of Labor the power to 'administer, and decide all questions arising under [FECA],' 5 U.S.C. § 8145, and the Secretary's action in allowing or denying an award under FECA is final and conclusive and not subject to review by a court of law, 5 U.S.C. § 8128(b)." *White*, 143 F.3d at 234.

Munn states that he is not seeking review under FECA, but, rather, is seeking review "under the APA for the arbitrary failure of Defendants' [*sic*] to follow their own guidelines, rules and regulations in evaluating" his FECA claim. (Munn Opp. Mem. 7-8, ECF No. 34). However, the APA does not apply where a statute (in this case, FECA) precludes judicial review. *See* 5 U.S.C. § 701. Moreover, "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). Accordingly, this Court agrees with other courts in rejecting Munn's jurisdictional argument premised on the APA. *See, e.g.*, *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 282 (9th Cir. 1988)*; Galluci v. Chao*, 374 F. Supp. 2d 121, 128 (D.C. Cir. 2005);

4

*Wacks v. Reich*, 950 F. Supp. 454, 458 (D. Conn. 1996).

The Court is not persuaded by Munn's citation to a non-FECA case, *Texas v. United States*, 787 F.3d 733 (5th Cir. 2015), to argue otherwise. Additionally, while Munn's Complaint also mentions jurisdiction premised on 28 U.S.C. §§ 1361, 2201, and 2002, § 8128(b) precludes relief under those statutes, as well. *See, e.g.*, *Staacke*, 841 F.2d at 280; *Meade v. U.S. Gov't*, No. 87-CV-681, 1988 WL 83176, at *2 (E.D.N.Y. July 22, 1988).

Nonetheless, courts have "recognized a limited exception to FECA's preclusion of judicial review – courts are not precluded from considering substantial constitutional claims. . . . Merely affixing a constitutional label to an otherwise precluded claim, however, will not suffice." *See Ramirez v. Walker*, 199 F. App'x 302, 307 (5th Cir. 2006); *see also, e.g.*, *Duncan v. Dep't of Labor*, 313 F.3d 445, 446 (8th Cir. 2002) ("Because [FECA] precludes judicial review of workers' compensation decisions made by the [DOL], [a plaintiff] must allege a substantial, cognizable constitutional claim to have the district court review his case."). Thus, the Court must analyze Munn's allegations that Defendants violated his due process rights to determine if jurisdiction exists.

"The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999); *see also Duncan*, 313 F.3d at 446. If so, the Court must determine "whether the deprivation of that interest occurred in

5

compliance with the constitutional requirements for due process." *See Schwartz v. U.S. Dep't of Labor*, No. 3:04-CV-66-M, 2005 WL 562718, at *2 (N.D. Tex. Mar. 9, 2005) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

The crux of Munn's First Cause of Action is that the DOL and its officials violated the DOL's procedures and guidelines in denying him benefits: "Munn alleges that Defendant Brown violated the APA by failing to make use of all of the medical information on file, in discretionary decisions and arbitrarily substituting her own unsubstantiated medical opinion(s). This violation resulted in the denial of Munn's OWCP claim." (Munn Opp. 5, ECF No. 34) (*see also id* at 2-3) ("Munn's claim is for wrongful procedural violations by Defendants . . . .").

However, the Court is of the opinion that Munn "never had or acquired a property [or liberty] interest in his workers' compensation request because the federal government did not find [Munn] was entitled to benefits, or pay out the benefits." *See Duncan*, 313 F.3d at 446-47; *see also, e.g.*, *Peterson v. U.S. Dep't of Labor*, No. 03-0918 SI, 2003 WL 21982812, at *4 (N.D. Cal. Aug. 11, 2003) ("Because a plaintiff has no 'property interest' for constitutional purposes where benefits have been denied, [plaintiff] has not been deprived of a protected interest in 'property' or 'liberty.'"); *Daniel v. U.S. Dep't of Labor*, No. C-00-0772 JCS, 2000 WL 33376551, at *4 (N.D. Cal. July 20, 2000) ("The right to receive FECA benefits is not a liberty interest."). While some courts have recognized that a plaintiff *does* have a property interest once benefits have been awarded, *see, e.g.*, *Stuto v.*

6

*Fleishman*, 164 F.3d 820, 825 (2d Cir. 1999), this action is easily distinguishable from that line of cases, all of which involved the issue of whether benefits previously awarded should be continued or terminated.

*Fleishman*, 164 F.3d 820, 825 (2d Cir. 1999), this action is easily distinguishable from that line of cases, all of which involved the issue of whether benefits previously awarded should be continued or terminated.

Even assuming that Munn had a protected interest in his request, "he received the process to which he was entitled: notice and the right to be heard." *See Duncan*, 313 F.3d at 447; *see also Stuto*, 164 F.3d at 825 ("the negligent or intentional deprivation of property through the random and unauthorized acts of a state or federal employee does not constitute a deprivation of due process if 'a meaningful postdeprivation remedy for the loss is available'") (citation omitted). "[T]he post-deprivation remedies available to FECA claimants are sufficient to assure that claimants receive sufficient due process, even in situations [such as that alleged here] where there were violations of OWCP procedures." *See Schwartz v. U.S. Dep't of Labor*, 161 F. App'x 357, 359 (5th Cir. 2005); *see also Ramirez*, 199 F. App'x at 308 n.5; *Galluci*, 374 F. Supp. 2d at 126.

Munn's ultimate disagreement with the FECA decision and how it was made does not rise to the level of a substantial constitutional challenge, and, thus, the Court lacks subject-matter jurisdiction over his First Cause of Action. *See, e.g.*, *Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012); *Galluci*, 374 F. Supp. 2d at 126*; Peterson*, 2003 WL 21982812, at *4. Munn has merely affixed a constitutional label to an otherwise precluded claim. *See Ramirez*, 199 F. App'x at 307; *see also Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1443 (7th Cir. 1996).

7

Although not addressed by the parties, some courts have also recognized an exception "where they nonetheless may exercise jurisdiction over a final decision of the Secretary under FECA: . . . a claim that the Secretary violated a clear statutory mandate or prohibition." *See Banks v. United States*, 190 F. Supp. 3d 618, 628 (E.D. Tex. 2016); *see also Galluci*, 374 F. Supp. 2d at 126-27. Assuming without deciding that this exception exists in this Circuit, any such claim is still untenable in this action. Munn's allegations of procedural violations do not equate to a statutory violation. *See Banks*, 190 F.3d at 630. Even so, what Munn is essentially challenging is the assessment of his evidence, which is insufficient for this Court to exercise jurisdiction. *See, e.g.*, *Lepre v. Dep't of Labor*, 275 F.3d 59, 74 (D.C. Cir. 2001).

Finally, it is unclear to the Court whether Munn is attempting to make additional constitutional claims. To the extent he is trying to state a claim by his passing references to "equal protection" in his Complaint, the Court finds that he has failed "to set forth any substantive constitutional challenge sufficient to overcome FECA's preclusion of review" in this respect. *See Ramirez*, 199 F. App'x at 307-08. And, Munn has not alleged or otherwise shown that he is a member of a protected class. *See, e.g.*, *Williams v. City of Fayette*, No. 5:05-cv-34(DCB)(JMR), 2006 WL 2594527, at *3 (S.D. Miss. Sept. 11, 2006).

**SECOND CAUSE OF ACTION: PLAINTIFF'S *BIVENS* CLAIM AGAINST DOL OFFICIALS IN THEIR INDIVIDUAL CAPACITIES**

Defendants have also moved to dismiss Plaintiff Munn's Second Cause of Action, premised on *Bivens*, on numerous grounds, including failure to state a claim under Rule 12(b)(6). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). Applying this standard, the Court is of the opinion that Munn cannot state a *Bivens* claim against the individual Defendants.

"[A] *Bivens* action requires the plaintiff to 'claim a deprivation of a constitutional right.'" *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1295 (5th Cir. 1994). Here, Munn alleges that Defendants Brown and Dawkins violated his due process rights through their "actions". (*See, e.g.*, Compl. 43-44 (¶¶ 157, 163), ECF No. 1). As already discussed, Munn cannot state a constitutional claim based on any alleged procedural violation because he lacks a sufficient protected interest. *See, e.g., Enplanar*, 11 F.3d at 1295. Regardless, and as already discussed above, he received all the process to which he was due.[2]

---

[2] Munn confuses substantive due process with whether or not he had a protected interest in his FECA claim. (*See* Compl. 43 (¶¶ 157, 160), ECF No. 1). Nevertheless, Munn cannot sustain a substantive due process claim, even if he had a protected interest in the first place, as his allegations do not rise to the requisite level of "shocking the conscience." *See, e.g., Marco Outdoor Advert., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 673 n.3 (5th Cir. 2007); *Czerkies*, 73 F.3d at 1443; *Ralph v. U.S. Dep't of Labor*, No. 04-241-JD, 2004 WL 2051123, at *2 n.3 (D.N.H. Sept. 15, 2004).

Munn's argument that he is entitled to punitive damages under *Bivens* misses the point. To be entitled to damages, punitive or otherwise, Munn must first show that he has an actionable *Bivens* claim, which he does not. The Court is similarly unpersuaded by Munn's citation to case law discussing the discretionary function exception to the Federal Tort Claims Act, which is not at issue here.

With respect to the remaining individual Defendants, Munn alleges that these Defendants are liable "through in-action with regards to supervision." (Compl. 44 (¶163), ECF No. 1). However, "vicarious liability is inapplicable to *Bivens*" claims. *See Ashcroft*, 556 U.S. at 676.

Munn attempts to overcome this well-settled bar by arguing that he has an APA cause of action against these Defendants. (*See* Munn Opp. Mem. 15, ECF No. 34). Even if there was authority for stating a *Bivens* claim premised on the APA – and the Court has not found any – "the APA does not provide for individual-capacity claims."[3] *See, e.g.*, *Triplett v. Fed. Bureau of Prisons*, No. 3:08-CV-1252-K, 2008 WL 4378430, at *4 (N.D. Tex. Sept. 25, 2008); *Jefferson v. Harris*, 170 F. Supp. 3d 194, 217 (D.D.C. 2016).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons discussed herein, Plaintiff's First Cause of Action is **DISMISSED** for lack of

---

[3] This same analysis applies to Munn's contention in his Opposition that Defendants Dawkins and Brown should be held individually liable under the APA. As discussed above, Munn does not have an APA claim against the DOL or the DOL officials in their official capacity. 5 U.S.C. § 8128(b).

subject-matter jurisdiction, and Plaintiff's Second Cause of Action is **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO ORDERED AND ADJUDGED** this the 15th day of February, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE