IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEPHEN B. MUNN**                                                                          **PLAINTIFF**

**v.**                                         **CAUSE NO. 1:16CV151-LG-RHW**

**US DEPARTMENT OF LABOR, et al.**                          **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

BEFORE THE COURT is the [43] Motion for Reconsideration filed by Plaintiff Stephen Munn pursuant to Federal Rule of Civil Procedure 59(e) with respect to the Court's [41] Order Granting Defendants' Motion to Dismiss entered on February 15, 2017.[1] The Court dismissed Munn's case on the grounds (1) that it lacked jurisdiction over Munn's First Cause of Action brought pursuant to the Administrative Procedures Act (APA), and, (2) that Munn's Second Cause of Action premised on *Bivens v. Six Unknown Named Agents of Federal Bureaus of Narcotics*, 403 U.S. 388 (1971), failed to state a claim. Munn now asks the Court to reconsider that dismissal. Having thoroughly considered the submissions of the parties and the relevant law, the Court is of the opinion that the Motion should be denied because there is no need to correct a clear error of law or prevent manifest injustice.

### DISCUSSION

A Rule 59 motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation and quotation marks omitted). The Fifth Circuit has repeatedly "held that such a

---

[1] The facts underlying this action are set forth in that Order and are incorporated by reference herein.

motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *See id.* at 478-79. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479.

Munn must establish (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Munn moves for relief with respect to the third prong only.

Here, Munn simply re-hashes arguments that could or should have been made previously. *See Templet*, 367 F.3d at 478-79. He acknowledges that "there is no specific 'on point' case law within the Fifth Circuit" on the issue presented in his action, (*see* Pl. Reply 4, ECF No. 47), but states that the cases cited by him "provided more than sufficient authority for jurisdiction . . . under the APA." (Mot. For Recons. 1, ECF No. 43). The Court already considered and rejected this same argument. Namely, the APA does not apply where a statute – in this case, the Federal Employees' Compensation Act (FECA) – precludes judicial review. *See* 5 U.S.C. §§ 701, 8128. Nor does the APA "afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). Relevant case law establishes that this Court lacks jurisdiction over any APA claim. *See, e.g.*, *Staacke v. U.S. Sec'y of Labor*, 841

F.2d 278, 282 (9th Cir. 1988)*; Galluci v. Chao*, 374 F. Supp. 2d 121, 128 (D.C. Cir. 2005).  Munn's disagreement with that case law does not establish a clear error of law or the need to prevent manifest injustice.

The Court also remains of the opinion that Munn does not qualify for any exception to FECA's preclusion of judicial review because he has failed to state a substantial constitutional claim.  Munn "never had or acquired a property interest in his workers' compensation request because the federal government did not find [Munn] was entitled to benefits, or pay out the benefits."  *See Duncan v. Dep't of Labor*, 313 F.3d 445, 446-47 (8th Cir. 2002).  Munn's citation to *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009), does not convince the Court to reconsider its decision.  *Cushman* was not a FECA or APA case and is otherwise distinguishable.

Regardless, even accepting that a property right existed, Munn has failed to show that the Court's finding that Munn received all the process he was due (*i.e.*, notice and an opportunity to be heard) was in error.  Fifth Circuit law is clear that "the post-deprivation remedies available to FECA claimants are sufficient to assure that claimants receive sufficient due process . . . ."  *See Schwartz v. U.S. Dep't of Labor*, 161 F. App'x 357, 359 (5th Cir. 2005); *see also Ramirez v. Walker*, 199 F. App'x 302, 308 n.5 (5th Cir. 2006).  This Court "correctly found that it did not have subject matter jurisdiction . . . because [Munn] did not allege a substantial constitutional violation . . . ."  *See Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir.

3

2012). "Merely affixing a constitutional label to an otherwise precluded claim" – as Munn has continuously attempted to do – "will not suffice." *See Ramirez*, 199 F. App'x at 307.

Munn has represented to this Court that his "claim is for wrongful procedural violations by Defendants . . . ." (*See* Munn Opp. 2-3, ECF No. 34). However, Munn's allegations of procedural violations do not equate to a statutory violation.[2] *See Banks v. United States*, 190 F. Supp. 3d 618, 628 (E.D. Tex. 2016); *see also Galluci*, 374 F. Supp. 2d at 126-27. To the extent Munn argues that he has articulated statutory violations, the Court is still unconvinced that this Circuit would even recognize a "statutory violation" exception, which Munn never raised or discussed before now. *See Templet*, 367 F.3d at 478-79. Even so, Munn's challenges to the assessment of his evidence, (*see* Mot. For Recons. 12, ECF No. 43 (stating that Defendant Ramona Brown "ignored the medical evidence in file")), remain insufficient for this Court to exercise jurisdiction. *See, e.g.*, *Lepre v. Dep't of Labor*, 275 F.3d 59, 74 (D.C. Cir. 2001). And, the Court is again unpersuaded by Munn's citation to and discussion of case law involving the discretionary function exception to the Federal Tort Claims Act, which is not at issue here.

---

[2] Munn's contention that the actions of Defendant Sharon Dawkins in denying his claim on timeliness grounds amounts to "a cause of action on 'due process' grounds[,]" (Mot. For Recons. 11-12, ECF No. 43), is belied by his own pleadings. Munn appealed Dawkins' decision to the OWCP, which vacated the decision based on timeliness and remanded the case "for complete review of the evidence of record . . . and to issue a *de novo* decision." (*See* Letter and Decision of the Hearing Representative, ECF No. 1-6; *see also* Compl. 15 (¶52), ECF No. 1). Clearly, Munn received the notice and the right to be heard on this particular issue.

Finally, Munn argues that because the Court's dismissal of his First Cause of Action was erroneous, the Court should reinstate his Second Cause of Action. However, the Court has determined that reconsideration of dismissal of the First Cause of Action is unwarranted. Further, Munn's allegations premised on supervisory liability are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

## CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result. For the reasons discussed herein, the Court is of the opinion that there is no basis for reconsidering its [41] Order Granting Defendants' Motion to Dismiss.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [43] Motion for Reconsideration filed by Plaintiff Stephen Munn is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of April, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE